UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| Christopher Davis, William J. Thompson, Jr., Randy Cole, Jr. Wilson Lobao, Robert Capone, Ryan Shaughnessy, and Commonwealth Second Amendment, Inc. )<br>Plaintiffs )<br>v. )<br> )<br>Richard C. Grimes, in his Official Capacity as Chief of the Weymouth Police Department, Neil F. Ouellette, in his Official Capacity as Chief of the Danvers Police Department, Robert L. Champagne, in his Official Capacity as Chief of the Peabody Police Department, and Gary J. Gemme, in his Official Capacity as Chief of the Worcester Police Department, )<br>Defendants )| Case No. 13-CV-10246 |

_____

### **Answer To Amended Complaint Of Defendant Neil F. Ouellette**

1.    Admit the first sentence.  Deny the second sentence.

### **Jurisdiction and Venue**

2.    Paragraph 2 states a legal conclusion to which no response is required.

3.    Admit that the Court has personal jurisdiction over the Defendant Neil F. Ouellette.

4.    Admit.

5.    Admit.

### **Parties**

6.    Paragraph 6 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

7.      Paragraph 7 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

8.      On information and belief, admit.

9.      Paragraph 9 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

10.      Paragraph 10 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

11.      Paragraph 11 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

12.      Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 12.

13.      Paragraph 13 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

14.      Admit Defendant Neil F. Ouellette is the handgun licensing authority for the Town of Danvers and that he is sued in his official capacity only.  Further answering, Defendant Neil F. Ouellette complies with the standards for handgun licensure as set forth in G.L. c. 140, §131, and the caselaw developed thereunder.  Otherwise denied.

15.      Paragraph 15 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

16.      Paragraph 16 does not apply to Defendant Neil F. Ouellette and therefore no response is required.

## Constitutional Provisions

17.     Paragraph 17 states a legal conclusion to which no response is required.  Further answering, the Second Amendment speaks for itself.

18.     Paragraph 18 states a legal conclusion to which no response is required.  Further answering, the *Heller* case speaks for itself.

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Paragraph 20 states a legal conclusion to which no response is required.  Further answering, the Second Amendment and the *Chicago* case speak for themselves.

21.     Paragraph 21 states a legal conclusion to which no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required.  Further answering, the Equal Protection Clause and the *Clark* case speak for themselves.

### Massachusetts Handgun Licensing Laws

23.     Paragraph 23 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

24.     Paragraph 24 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

25.     Paragraph 25 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

26.     Paragraph 26 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

27.     Paragraph 27 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

28.     Paragraph 28 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

29.     Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 29.

30.     Paragraph 30 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

31.     Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 31.

### **Defendants' Application Of The Statute Against The Plaintiffs**

### **Chief Grimes And The Weymouth Police Department**

32.     This paragraph does not apply to Defendant Neil F. Ouellette.

33.     This paragraph does not apply to Defendant Neil F. Ouellette.

34.     This paragraph does not apply to Defendant Neil F. Ouellette.

35.     This paragraph does not apply to Defendant Neil F. Ouellette.

36.     This paragraph does not apply to Defendant Neil F. Ouellette.

37.     This paragraph does not apply to Defendant Neil F. Ouellette.

38.     This paragraph does not apply to Defendant Neil F. Ouellette.

39.     This paragraph does not apply to Defendant Neil F. Ouellette.

### **Chief Ouellette And The Danvers Police Department**

40.     Admit that Mr. Cole applied for an LTC from Defendant Neil F. Ouellette through his designee, in part for a "License to Possess a Machine Gun".  Otherwise denied.

41.     Admit that Defendant Neil F. Ouellette, through his designee, issued Plaintiff Cole a Class B LTC restricted to target and hunting.

42.    Admit that in December of 2012, Plaintiff Cole asked Defendant Neil F. Ouellette's designee to remove his license restrictions and issue a Class A LTC.  Otherwise denied.

## Chief Champagne And The Peabody Police Department

43.    This paragraph does not apply to Defendant Neil F. Ouellette.

44.    This paragraph does not apply to Defendant Neil F. Ouellette.

45.    This paragraph does not apply to Defendant Neil F. Ouellette.

46.    This paragraph does not apply to Defendant Neil F. Ouellette.

47.    This paragraph does not apply to Defendant Neil F. Ouellette.

48.    This paragraph does not apply to Defendant Neil F. Ouellette.

## Chief Gemme And The Worcester Police Department

49.    This paragraph does not apply to Defendant Neil F. Ouellette.

50.    This paragraph does not apply to Defendant Neil F. Ouellette.

## Injury To The Plaintiffs

51.    Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 51.

52.    Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 52.

53.    Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 53.

54.    Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 54.

55.     Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 55.

56.     Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 56.

57.     Defendant Neil F. Ouellette lacks information sufficient to either admit or deny Paragraph 57.

## COUNT I

### (U.S. Const., Amends. II & XIV, 42 U.S.C. §1983)

58.     Paragraph 58 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

59.     Denied.

60.     Denied.

61.     Denied.

## COUNT II

### (U.S. Const., Amends. II & XIV, 42 U.S.C. §1983)

62.     Paragraph 62 states a legal conclusion to which no response is required.  Further answering, G.L. c. 140 speaks for itself.

63.     Denied.

64.     Denied.

## Affirmative Defenses

1.     Insofar as Defendant Neil F. Ouellette is concerned, Plaintiff Cole has failed to exhaust his administrative/judicial remedies pursuant to M.G.L. c. 140, §131.

2.      Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiff Comm2A lacks standing and/or cognizable injury.

4.      Plaintiffs' Complaint should be dismissed for its failure to join a necessary and indispensable party.

5.      The Defendant Neil F. Ouellette's actions were at all times justified and taken in good faith consistent with the laws of the Commonwealth of Massachusetts.

6.      The Second Amendment to the United State Constitution does not entitle any of the Plaintiffs to an unrestricted license to carry firearms or to possess and use a machine gun.

7.      The Plaintiffs' claims are without merit because the statutory scheme under M.G.L. c. 140, §131, did not and do not violate any of Plaintiffs' constitutional rights.

8.      Plaintiffs have not suffered any actual deprivation of any rights secured by the federal or state constitutions or statutes.

9.      Plaintiff Cole's claim fails to identify specific instances where similarly situated persons within the Town of Danvers were treated more favorably or even differently than him by the Defendant Neil F. Ouellette.

10.     Plaintiff Cole has failed to mitigate his damages.

### Jury Demand

Defendant Neil F. Ouellette demands a trial by jury on all counts so triable.

                                        Defendant Neil F. Ouellette
                                        By his attorney

                                        /s/ Geoffrey P. Wermuth
                                        _____
                                        Geoffrey P. Wermuth, BBO #559681
                                        Murphy, Hesse, Toomey & Lehane

300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
(617) 479-5000
DATED:        March 6, 2013        gwermuth@mhtl.com

## CERTIFICATE OF SERVICE

I, Geoffrey P. Wermuth, hereby certify that I that this document filed through the ECF System will be send electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 6th day of March, 2013.

/s/ Geoffrey P. Wermuth
_____
Geoffrey P. Wermuth