UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
CHRISTOPHER DAVIS; WILLIAM J.          )
THOMPSON, JR.; RANDY COLE, JR.; WILSON )
LOBAO; ROBERT CAPONE; RYAN             )
SHAUGHNESSY; and COMMONWEALTH          )
SECOND AMENDMENT, INC.,                 )
                    Plaintiffs,            )
                                                    )
        -against-                           )                CIVIL ACTION NO. 1:13-cv-10246
                                                    )
RICHARD C. GRIMES, in his Official Capacity as )
Chief of the Weymouth Police Department; NEIL )
F. OULLETTE, in his Official Capacity as Chief of )
the Danvers Police Department; ROBERT L.     )
CHAMPAGNE, in his Official Capacity as Chief of )
the Peabody Police Department; and GARY J.    )
GEMME, in his Official Capacity as Chief of the  )
Worcester Police Department,                )
                    Defendants.             )
_____)

## CHIEF ROBERT L. CHAMPAGNE'S ANSWER TO THE
## AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

1.      The defendant does not respond to the first sentence contained in Paragraph 1 of the
        plaintiffs' Amended Complaint as it is not a statement of fact.  The defendant denies the
        remaining allegations contained in Paragraph 1 of the plaintiffs' Amended Complaint.

### Jurisdiction and Venue

2.      The defendant admits the allegations contained in Paragraph 2 of the plaintiffs' Amended
        Complaint.

3.      The defendant admits that the Court has personal jurisdiction over defendant Robert L.
        Champagne.

4.      The defendant admits the allegations contained in Paragraph 4 of the plaintiffs' Amended
        Complaint.

5.      The defendant admits the allegations contained in Paragraph 5 of the plaintiffs' Amended
        Complaint.

## **Parties**

6.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

7.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

8.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

9.      The defendant admits the allegations contained in Paragraph 9 of the plaintiffs' Amended Complaint.

10.     The defendant admits the allegations contained in Paragraph 10 of the plaintiffs' Amended Complaint.

11.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

12.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

13.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

14.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

15.     The defendant admits the allegations contained in the first sentence of Paragraph 15 of the plaintiffs' Amended Complaint.  The defendant denies the remaining allegations contained in Paragraph 15 of the plaintiffs' Amended Complaint.

16.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

## Constitutional Provisions

17.     The defendant admits the allegations contained in Paragraph 17 of the plaintiffs' Amended Complaint.

18.     The defendant admits that Paragraph 18 of the plaintiffs' Amended Complaint contains a partial quotation from *District of Columbia v. Heller.*

19.     Paragraph 19 of the plaintiffs' Amended Complaint contains a legal conclusion not requiring a responsive pleading.  Nonetheless, the defendant denies the allegations contained in Paragraph 19 of the plaintiffs' Amended Complaint.

20.     The defendant admits that Paragraph 20 of the plaintiffs' Amended Complaint contains a correct quotation from *McDonald v. Chicago.*

21.     Paragraph 21 of the plaintiffs' Amended Complaint contains a legal conclusion not requiring a responsive pleading.  Nonetheless, the defendant admits the allegations contained in Paragraph 21 of the plaintiffs' Amended Complaint.

22.     The defendant admits the allegation contained in the first sentence of Paragraph 22 of the plaintiffs' Amended Complaint.  The defendant admits that the second sentence of Paragraph 22 of the plaintiffs' Amended Complaint contains a partial quotation from *Clark v. Jeter.*

## Massachusetts Handgun Licensing Laws

23.     The defendant admits the allegations contained in Paragraph 23 of the plaintiffs' Amended Complaint.

24.     The defendant admits the allegations contained in Paragraph 24 of the plaintiffs' Amended Complaint.

25.     The defendant admits the allegations contained in Paragraph 25 of the plaintiffs' Amended Complaint.

26.     The defendant admits the allegations contained in Paragraph 26 of the plaintiffs' Amended Complaint.

27.     The defendant admits the allegations contained in Paragraph 27 of the plaintiffs' Amended Complaint.

28.     The defendant admits the allegations contained in Paragraph 28 set forth the correct legal standard for an appeal of a decision of a local gun licensing official.

29.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

30.     The defendant admits the allegations contained in Paragraph 30 of the plaintiffs' Amended Complaint.

31.     The defendant denies the allegation contained in the first sentence of Paragraph 31 of the plaintiffs' Amended Complaint.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

## Defendants' Application of the Statute Against the Plaintiffs

### Chief Grimes and the Weymouth Police Department

32.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

33.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

34.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

35.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

36.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

37.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

38.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

39.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

## Chief Oullette and the Danvers Police Department

40.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

41.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

42.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

## Chief Champagne and the Peabody Police Department

43.     The defendant admits the allegations contained in Paragraph 43 of the plaintiffs' Amended Complaint.

44.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

45.     The defendant admits the allegations contained in Paragraph 45 of the plaintiffs' Amended Complaint.

46.     The defendant admits the allegation contained in the first sentence of Paragraph 46 of the plaintiffs' Amended Complaint.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

47.     The defendant admits the allegations contained in Paragraph 47 of the plaintiffs' Amended Complaint.

48.     The defendant admits the allegation contained in the first sentence of Paragraph 48 of the plaintiffs' Amended Complaint.   The defendant denies the remaining allegations contained in Paragraph 48 of the plaintiffs' Amended Complaint.

## Chief Gemme and the Worcester Police Department

49.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

50.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

## Injury to the Plaintiffs

51.     The defendant denies the allegations contained in the first sentence of Paragraph 51 of plaintiffs' Amended Complaint.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

52.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

53.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

54.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

55.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

56.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the plaintiffs' Amended Complaint and therefore leave the plaintiffs to prove same.

57.     Paragraph 57 of the plaintiffs' Amended Complaint contains a legal conclusion not requiring a responsive pleading.  Nonetheless, the defendant denies the allegations contained in Paragraph 57 of the plaintiffs' Amended Complaint.

## COUNT I

### (U.S. Const., Amends. II & XIV, 42 U.S.C. § 1983)

58.     The defendant admits the allegations contained in Paragraph 58 of the plaintiffs' Amended Complaint.

59.     The defendant denies the allegations contained in Paragraph 59 of the plaintiffs' Amended Complaint.

60.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 with regard to what the "Defendants" have done, and deny these allegations as they pertain to Chief Champagne.

61.     The defendant denies the allegations contained in Paragraph 61 of the plaintiffs' Amended Complaint.

## COUNT II

### (U.S. Const., Amends. II & XIV, 42 U.S.C. § 1983)

62.     The defendant admits the allegations contained in Paragraph 62 of the plaintiffs' Amended Complaint.

63.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 with regard to what the "Defendants" have done, and deny these allegations as they pertain to Chief Champagne.

64.     The defendant denies the allegations contained in Paragraph 64 of the plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Insofar as Chief Champagne is concerned, plaintiffs Lobao and Capone have failed to exhaust their statutory remedies.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Chief  Robert L. Champagne has exercised his authority in a manner consistent with M.G.L. c. 140, § 131.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute these claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint should be dismissed for its failure to join a necessary and indispensable party.

### SIXTH AFFIRMATIVE DEFENSE

The defendant Robert L. Champagne's actions were at all times justified and taken in good faith consistent with the law of the Commonwealth of Massachusetts.

### SEVENTH AFFIRMATIVE DEFENSE

The Second Amendment to the United States Constitution does not entitle any of the plaintiffs to an unrestricted license to carry firearms or to possess and use a machine gun.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are without merit because the statutory scheme under M.G.L. c. 140, §131, did not and do not violate any of Plaintiffs' constitutional rights.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any actual deprivation of any rights secured by the federal or state constitutions or statutes.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff Cole's claim fails to identify specific instances where similarly situated persons within the Town of Peabody were treated more favorably or even differently than him by the

defendant Robert L. Champagne.

## JURY DEMAND

The defendant requests a trial by jury.

Respectfully submitted,

The Defendant,
ROBERT L. CHAMPAGNE, in his Official
Capacity as Chief of the Peabody Police
Department,
By his attorneys

**PIERCE, DAVIS & PERRITANO, LLP**

/s/ Adam Simms
John J. Davis, BBO #115890
Adam Simms, BBO #632617
90 Canal Street
Boston, MA 02114
(617) 350-0950
jdavis@piercedavis.com
asimms@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, Chief Robert L. Champagne's Answer to the Amended Complaint, Affirmative Defenses and Jury Demand, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 7, 2013.

/s/ Adam Simms
Adam Simms