UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christopher Davis, *et al*.<br><br>           Plaintiffs,<br><br>     v.<br><br>Richard C. Grimes, in his official capacity as Chief of the Weymouth Police Department, *et al*.,<br><br>           Defendants. | Civil Action No.<br>1:13-cv-10246 |

**ANSWER OF THE INTERVENOR
COMMONWEALTH OF MASSACHUSETTS**

**First Defense.**

The Commonwealth of Massachusetts answers the corresponding paragraphs of the amended complaint as follows.

1.  This paragraph summarizes Plaintiff's theory of his case, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b). To the extent this paragraph contains any such allegations, they are denied.

2.  This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

3-5.  These paragraphs contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. To the extent they contain allegations of fact, the Commonwealth lacks information sufficient to admit or deny these allegations.

6-12.  The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 6-12.

13.  The first sentence of this paragraph merely characterizes the capacity in which one defendant is sued, but contains no allegations of fact to which any response is required under

Fed. R. Civ. P. 8(b).  The Commonwealth lacks information sufficient to admit or deny the allegations of the second sentence of this paragraph.

14. No response to this paragraph is required because the claims against Chief Oullette have been dismissed.

15. The first sentence of this paragraph merely characterizes the capacity in which one defendant is sued, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).  The Commonwealth lacks information sufficient to admit or deny the allegations of the second sentence of this paragraph.

16. No response to this paragraph is required because the claims against Chief Gemme have been dismissed.

17. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b) as the text of the Second Amendment speaks for itself.

18.-22. These paragraphs contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead assert only legal conclusions.  To the extent any response might be required, the allegations of these paragraphs are denied.

23.-28. These paragraphs contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead assert only legal conclusions as to the operation or effect of certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

29. Paragraph 29 contains general, indefinite allegations that concern unnamed localities, and are therefore too vague to permit the Commonwealth to frame a response.  As such, the Commonwealth lacks information sufficient to admit or deny the allegations of this paragraph.

30. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions as to the operation of certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

31. Paragraph 31 contains general, indefinite allegations that concern unnamed individuals, and are therefore too vague to permit the Commonwealth to frame a response.  As

such, the Commonwealth lacks information sufficient to admit or deny the allegations of this paragraph.

32.-39. The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 32-39.

40-42.  No response to these paragraphs is required because the claims against Chief Oullette have been dismissed.

43-48.  The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 43-48.

49-50.  No response to these paragraphs is required because the claims against Chief Gemme have been dismissed.

51-56.  The Commonwealth lacks information sufficient to admit or deny the allegations of these paragraphs.

57.  The Commonwealth denies that plaintiffs have been injured, or that they have suffered "irreparable" injuries.

## Count I

58.  This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions as to the operation of certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

59.  This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.  To the extent a response might be required, the Commonwealth denies the allegations of this paragraph.

60.  The Commonwealth lacks information sufficient to admit or deny the allegations of this paragraph.

61.  This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.  To the extent that a response might be required, the Commonwealth denies the allegations of paragraph 61.

### Count II

62. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions as to the operation of certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

63. The Commonwealth denies the allegations of paragraph 63.

64. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. To the extent a response might be required, the Commonwealth denies the allegations of this paragraph.

### Second Defense.

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining any relief against the Commonwealth.

### Third Defense.

Plaintiffs cannot assert any claim against the Commonwealth under 42 U.S.C. § 1983.

### Fourth Defense.

Plaintiffs have failed to state a claim upon which relief can be granted.

MARTHA COAKLEY
*ATTORNEY GENERAL OF MASSACHUSETTS*

/s/ William W. Porter
William W. Porter (BBO # 542207)
Assistant Attorney General, Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617.963.2976
bill.porter@state.ma.us

June 24, 2013

### Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before June 24, 2013.

/s/ William W. Porter
William W. Porter
Assistant Attorney General