UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; WILLIAM J. THOMPSON, JR.; RANDY COLE, JR.; WILSON LOBAO; ROBERT CAPONE; RYAN SHAUGHNESSY; and COMMONWEALTH SECOND AMENDMENT, INC., <br>     Plaintiffs, <br><br> -against- <br><br> RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; NEIL F. OULLETTE, in his Official Capacity as Chief of the Danvers Police Department; ROBERT L. CHAMPAGNE, in his Official Capacity as Chief of the Peabody Police Department; and GARY J. GEMME, in his Official Capacity as Chief of the Worcester Police Department, <br>     Defendants. | CIVIL ACTION NO. 1:13-cv-10246 |

**AFFIDAVIT OF RONALD GLIDDEN IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Ronald Glidden, hereby state as follows:

1. I am the owner and founder of Glidden Training & Consulting, LLC ("GTC"), a company which provides education and training relating to Massachusetts' gun licensing laws including Chapter 140. Prior to founding GTC, I was the Police Chief in the Town of Lee, a position I held for 17 years. I also served as a law enforcement firearms instructor certified by the Municipal Police Training Committee for approximately 25 years. In addition, I am currently certified by the Commonwealth as a Basic Firearms Safety Instructor, and as a Law Enforcement Officer Safety Act Instructor. I have also been a certified NRA firearms instructor for over 20 years. I have served as chairman of the firearms committees for both the Massachusetts Chiefs of Police Association, and the International Chiefs of Police Association. Finally, I have served as

the chair of the Massachusetts Gun Control Advisory Board since it was created by statute in 1999 (as part of the Gun Control Act of 1998). This Affidavit is submitted in support of the Defendants' Motion for Summary Judgment and, in particular, to bring to the Court's attention the profound difference in firearm's training between a uniformed police officer and a member of the public seeking a License to Carry Firearms under Chapter 140.

2. As part of my duties on the Massachusetts Chiefs of Police firearms committee, I wrote the first Basic Firearms Safety course to be approved by the Commonwealth in 1998 following the passage of the Gun Control Act of 1998. The course was designated by the state as LTC-001. Being both a law enforcement firearms instructor, and a civilian NRA firearms safety instructor at the time, I wrote this course specifically for new firearms license applicants to meet the basic requirements of M.G.L. Chapter 140, §131P, and the subsequent related CMR I helped write (515 CMR 3.00). There is no proficiency testing or live fire requirement included in the statute or CMR. As such, I provided only an optional live-fire component in LTC-001. It is optional for the instructor to decide whether or not to use it, not optional for the student. In addition, LTC-001 was written specifically for law enforcement firearms instructors to train civilian license applicants. This fact is stated in the approved lesson plan. It was written so police departments could offer the safety course as a community service, and the optional live fire component was included because I was aware that some police departments did not have facilities to conduct live fire training.

3. The process for becoming certified as a state approved BFS instructor begins with an individual who has already been certified as a firearms instructor by another entity applying to the state police. This includes but is not limited to training entities such as the MPTC or NRA. Once certified by the state as a BFS instructor, there is nothing preventing the BFS certified

instructor from using any of the state approved BFS courses even if the course he is teaching was not written by the training entities responsible for his initial instructor certification. That means the instructor training in that particular course may be minimal or nonexistent. While I wrote LTC-001 specifically for law enforcement firearms instructors, I am aware that civilian instructors certified originally through the NRA sometimes use LTC-001 rather than their own NRA written BFS-approved course. This demonstrates the lack of oversight by the state or anyone once an instructor becomes state certified. He may teach any of the approved courses, and there is no verification process to determine that he is teaching the minimum information within the approved course – regardless of the course he is teaching. Stories are rampant regarding 6 and 8 hour courses being completed in just a few hours. Many instructors utilize no live fire training, and some allow little actual firearms handling during their courses.

4. In comparison to the few hours of basic safety information that may or may not include actual gun handling or live-firing in a BFS course, I instructed both recruit (at the former Agawam-Western Mass. Academy) and veteran police officers in firearms training for several years. The recruit training at that time consisted of a minimum of 40 hours of combined range and classroom. It included both daytime and nighttime firing that involved both basic marksmanship and decision making drills among others. I recall advising officers that they would need approximately 1000 rounds of handgun ammunition for the week (plus shotgun and rifle ammunition). The officers were required to pass several proficiency tests that at that time were a minimum of 50 rounds fired from various distances. This qualification was repeated numerous times to grade proficiency after the completion of numerous live-fire shooting drills. Veteran officers are required to complete similar proficiency tests even today.

5. While the safety course requirements of M.G.L. Chapter 140, §131P are a significant improvement over the absence of a safety course requirement that existed prior to 1998, the current state approved BFS courses in my experience does not compare in any way to the training received by police officers in Massachusetts.

Signed under the penalties of perjury:

Dated: 7/31/13

_____
Ronald Glidden

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on July 31, 2013.

/s/ Adam Simms
Adam Simms