UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; WILLIAM J. THOMPSON, JR.; RANDY COLE, JR.; WILSON LOBAO; ROBERT CAPONE; RYAN SHAUGHNESSY; and COMMONWEALTH SECOND AMENDMENT, INC., <br> Plaintiffs, <br><br> -against- <br><br> RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; NEIL F. OULLETTE, in his Official Capacity as Chief of the Danvers Police Department; ROBERT L. CHAMPAGNE, in his Official Capacity as Chief of the Peabody Police Department; and GARY J. GEMME, in his Official Capacity as Chief of the Worcester Police Department, <br> Defendants. | CIVIL ACTION NO. 1:13-cv-10246 |

**SUPPLEMENTAL AFFIDAVIT OF RICHARD C. GRIMES, CHIEF OF POLICE, IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Richard C. Grimes, Chief of the Weymouth Police Department, hereby state as follows:

1. I have been a police officer for 36 years and, as stated in my original Affidavit, I have been the Chief of Police in the Town of Weymouth for nearly four years. This Supplemental Affidavit is submitted for purposes of bringing to the Court's attention the very real dangers posed by the position advocated by the Plaintiffs, that is, not allowing the local Chiefs of Police to impose restrictions on a Class A License To Carry Firearms.

2. A person issued an unrestricted Class A LTC has the right, subject to certain restrictions relating to carrying guns in "sensitive areas," to carry a gun on his person or in a car, any time, anywhere, day or night. This can create what, potentially, is a very dangerous situation. Consider, for example, a driver pulled over at night for a fairly routine traffic violation

who happens to have his Ruger or Colt 45 lying by his side. To put it mildly, this, by definition, is an extremely tense situation. The slightest move by the driver/gun owner could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal. In this situation, the practice of "open carry" creates an unsafe environment for all parties involved: the officer, the gun-carrying driver, and for any other individuals nearby as well. This is not mere supposition and I respectfully refer the Court to the real-life example discussed by Circuit Judge Hamilton in his dissenting opinion in Moore v. Madigan, 708 F.3d 901, 903 (7th Cir. 2013).

3. Conversely, limiting the number of people who possess an unrestricted Class A LTC has a number of salutary benefits including the following:

- Decreasing the availability of handguns to criminals via theft including the theft of handguns from other criminals;

- Decreasing the likelihood that lesser confrontations between people, such as a bar fight, will turn deadly to the individuals involved or innocent bystanders;

- Averting the confusion, along with the potentially tragic consequences thereof, that can result from the presence of a third person with a handgun during a confrontation between a police officer and a criminal suspect. Civilians without sufficient training to use and maintain control of their weapons, particularly under these tense situations, pose a danger to officers and other civilians; and

- Reducing the number of "handgun sightings" that must be investigated once they are called into or otherwise reported to the Weymouth Police Department.

4. One last point needs to be made. The Plaintiffs take issue with the fact that there appear to be differing gun-licensing policies among the hundreds of police chiefs in the Commonwealth. First, that is a policy choice that has been made by the Massachusetts Legislature. Presumably, the alternative would be a single licensing authority run at the State

level. However, this would deprive the licensing authority of the benefit of "local knowledge" not otherwise available to an official at the State level. For example, someone may have a history of domestic disputes without actually having been the subject of a Chapter 209A restraining order. Similarly, an applicant may have a number of "911" calls at his/her address – both situations a local police chief is certainly more likely to be aware of than a State official. Personally, although a history of being involved in domestic disputes or "911" calls are not statutory disqualifications under Chapter 140, Section 131, I believe they would be a suitability concern and would likely impact my decision to issue an unrestricted Class A LTC to such an individual.

Signed under the penalties of perjury:

Dated: 07/24/13

_____
Richard C. Grimes, Chief of Police
Town of Weymouth

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on July 31, 2013.

/s/ Adam Simms
Adam Simms