UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christopher Davis, *et al*.<br><br>                    Plaintiffs,<br><br>          v.<br><br>Richard C. Grimes, in his official capacity as Chief of the Weymouth Police Department, *et al*.,<br><br>                    Defendants. | Civil Action No.<br>1:13-cv-10246 |

**COMMONWEALTH'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The intervenor Commonwealth of Massachusetts hereby provides supplemental authority in opposition to plaintiffs' motion for summary judgment.

1.  On July 31, 2013, the United States Court of Appeals for the Third Circuit decided Drake v. Filko, 2013 WL 3927735 (3rd Cir. 2013), holding that a requirement in New Jersey "that applicants [for handgun permits] demonstrate a 'justifiable need' to publicly carry a handgun for self-defense qualifies as a 'presumptively lawful,' 'longstanding' regulation and therefore does not burden conduct within the scope of the Second Amendment's guarantee." Id. at *2 (quoting District of Columbia v. Heller, 554 U.S. 570, 626-27 & n.26 (2008)).  The Court explained that the New Jersey "'justifiable need' standard fits comfortably within the longstanding tradition of regulating the public carrying of weapons for self-defense[,]" and, indeed, "does not go as far as" bans effected in some states on carrying firearms in public in both a concealed or open manner. Id. at *4 (citations omitted).

The Court further held "that even if the 'justifiable need' standard did not qualify as a 'presumptively lawful,' 'longstanding' regulation . . . it would withstand intermediate scrutiny, providing a second, independent basis for concluding that the standard is constitutional." Id. at *2. The Court explained that "New Jersey's legislature 'has continually made the reasonable inference that given the obviously dangerous and deadly nature of handguns, requiring a showing of particularized need for a permit to carry one publicly serves the State's interests in public safety.'" Id. at *8 (quoting District Court opinion). The "justifiable need" standard provides "a means to determine whether the increase in risk and danger borne by the public [when an individual carries a handgun] is justified by a demonstrated risk and danger borne to the person seeking to carry a handgun." Id. at *9. "This measured approach neither bans public handgun carrying nor allows public carrying by all firearm owners[.]" Id. at *10. As such, it reasonably "fits" the State's public safety interests under intermediate judicial scrutiny. Id.

The Third Circuit's decision in Drake strongly supports the arguments made on pages 10-20 of the Commonwealth's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment (Doc. 50). Drake particularly supports (along with the cited decisions of the Second and Fourth Circuits) the Commonwealth's argument at pages 18-20 that the local restrictions challenged here are substantially related to the Commonwealth's compelling interest in protecting public safety.

2.  On August 8, 2013, the Supreme Judicial Court decided Firearms Records Bureau v. Simkin, __ N.E. 2d __, 2013 WL 4007778 (Mass.). Although Simkin mainly addresses issues unrelated to the present case, it discusses the public-safety objectives of the Commonwealth's firearms licensing scheme, id. at *4; and the application of the "suitable person" requirement for firearms licensure in G.L. c. 140, § 131(d). This discussion is pertinent to pages 1-3 and 17-18

- 3 -

of the Commonwealth's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment (Doc. 50).

             Respectfully submitted,

             MARTHA COAKLEY
              *ATTORNEY GENERAL OF MASSACHUSETTS*

              /s/ William W. Porter
             William W. Porter (BBO # 542207)
             Assistant Attorney General
             Government Bureau
             One Ashburton Place
             Boston, MA  02108
             617.963.2976
August 13, 2013          bill.porter@state.ma.us

         Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before August 13, 2013.

              /s/ William W. Porter
             William W. Porter
             Assistant Attorney General