UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; WILLIAM J. THOMPSON, JR.; WILSON LOBAO; ROBERT CAPONE; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>              Plaintiffs,<br><br>-against-<br><br>RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; and ROBERT L. CHAMPAGNE, in his Official Capacity as Chief of the Peabody Police Department,<br><br>              Defendants. | CIVIL ACTION NO. 1:13-cv-10246 |

### DECLARATION OF JOSEPH FEE

I, Joseph Fee, declare as follows:

1. I reside in Weymouth, Massachusetts and am 25 years of age. I am competent to testify on my own behalf.

2. I am on the board of directors at the Weymouth Sportsmen's Club, a position I have held since the year 2008.

3. I have an extensive background in firearms training. In the year 2009, I became a Massachusetts State Police-certified firearms instructor. The next year (2010), I became an NRA-certified Range Safety Officer. Since then, I have become an NRA-certified Chief Range Safety Officer, a designation that allows me to certify other people as range safety officers.

4.      Aside from being certified as a firearms instructor, I have also completed various firearms training courses myself. These include the NRA-certified courses for rifle, shotgun, and handgun shooting, the NRA-certified course for personal protection in the home, and the NRA-certified course for home firearms safety.

5.      I estimate that I have provided firearms training to approximately 250 individuals in Massachusetts. Many of these individuals have used the training that I provided to obtain unrestricted LTC's from various Massachusetts police departments. The training courses that I provide include live firing on a range.

6.      I was first licensed to possess firearms in 2007, at the age of 19, when I applied for and received a Firearms Identification card (or "FID") from the Weymouth Police Department.

7.      In 2009, at the age of 21, I applied for and obtained a license to carry firearms (or "LTC") from the Weymouth Police Department. The Police Department issued me an LTC with a "Target & Hunting" restriction.

8.      I have repeatedly contacted the Weymouth Police Department and asked that they remove the "Target & Hunting" restriction from my license. The Police Department has denied each and every request. I have submitted my requests to Officer Brian King (who I understand handles the issuance of LTC's), and I also once sent a letter to Chief Grimes.

9.      In the course of requesting that the "Target & Hunting" restriction be removed, I have specifically pointed out to Officer King that I have extensive training in the use of firearms, and that people who I have trained to use firearms have been able to obtain unrestricted LTC's from other police departments. Officer King has specifically told me that the Weymouth Police Department does not issue unrestricted LTC's on the basis of training, and that my training did not qualify me for an unrestricted LTC.

601195.00001/6754418v.1

10. I have never been arrested and I have never been convicted of a criminal offense. I have no history of drug or alcohol abuse. To the best of my knowledge, the reason that the Police Department has imposed a "Target & Hunting" restriction on my LTC is that it is the Police Department's policy to do so.

11. Neither Officer King nor anyone else at the Weymouth Police Department has ever indicated that to me that they would remove my "Target & Hunting" restriction when I renewed my LTC.

12. In my capacity on the board of directors of the Weymouth Sportsmen's Club, I know of other individuals who hold LTC's issued by the Weymouth Police Department and who have renewed LTC's with the Weymouth Police Department. It is my understanding that the Weymouth Police Department does not remove restrictions on renewal.

I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: August 11, 2013

_____
Joseph Fee