UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; WILLIAM J. THOMPSON, JR.; WILSON LOBAO; ROBERT CAPONE; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>        Plaintiffs,<br><br>    -against-<br><br>RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; and ROBERT L. CHAMPAGNE, in his Official Capacity as Chief of the Peabody Police Department,<br><br>        Defendants,<br><br>    -and-<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>        Intervenor. | CIVIL ACTION NO.<br><br>1:13-cv-10246 |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby advise the Court that, since briefing completed on August 13, 2013, the following courts have issued decisions that bear on the issues presented in this case:

1)  On February 13, 2014, the United States Court of Appeals for the Ninth Circuit held that San Diego County's restrictive policy for issuing licenses to carry handguns violated the Second Amendment. See Peruta v. San Diego, no. 10-56971, 2014 U.S. App. LEXIS 2786, *99. The fact that the county's policy did not preclude all forms of carry for all persons did not save it: "the question is not whether the California scheme (in light of San Diego County's policy) allows some people to bear arms outside the home in some places at some times; instead, the question is whether it allows the typical responsible, law-abiding citizen to bear arms in public for the lawful purpose of self-defense." Id. at 69. The court held the Second Amendment

right to carry arms in case of confrontation "is, in effect, destroyed when exercise of the right is limited to a few people, in a few places, at a few times." Id. at 72; see also id. at 68-72. Furthermore, the Ninth Circuit disagreed with the Courts of Appeals for the Second, Third, and Fourth Circuits on the ground (most notably) that the scope of the right to bear arms turns on the right's historical understanding. See id. at *82-89. The Ninth Circuit particularly disagreed with the Second Circuit's conclusion (followed by the Third and Fourth Circuits) that "history and tradition do not speak with one voice" regarding the scope of the right to bear arms. Id. at *83-86. The cases that the Second Circuit had relied upon to support this proposition had been premised on a "militia-based (rather than a self-defense-centered) right," and "the remaining cases speak with one voice." Id. at *84-85.[1] Although the Ninth Circuit found that it was not necessary to apply a standard of scrutiny to resolve the case, it faulted the Second, Third, and Fourth Circuits for being overly deferential to the legislature and for failing to adequately address the issue of narrow tailoring. See id. at *89-97.

2) On January 27, 2014, the Bristol Superior Court overturned a police chief's denial of a license to carry a handgun. See Hill v. Provencher, no. BRCV2013-0626-A, slip op. (copy attached as Ex. 1). The court agreed with the approach of the Court of Appeals for the Seventh Circuit and found that when reviewing restrictions on the right to bear arms, "a degree of heightened scrutiny is required." See id. at 12-13.

3) On January 10, 2014, the United States District Court for the District of Idaho issued a preliminary injunction in Morris v. U.S. Army Corps of Engineers, no. 3:13-CV-00336, 2014 U.S. Dist. LEXIS 3447. The injunction restrains the Corps from enforcing a regulation (36 C.F.R. § 327.13) that generally prohibits the possession of loaded firearms on Corps property, with exceptions for hunting and authorized target shooting. See id. at *2-3. The court reasoned

---

[1] Moreover, these cases did not actually prohibit the carry of firearms. See Plaintiffs' Reply (Doc. No. 63) at 13.

that strict scrutiny applied to the extent the regulation applied to a tent, on the rationale that a tent serves as a home.  See id. at *7.  Outside a tent, the "ban on carrying firearms for self-defense may impose a burden on this core right of the Second Amendment [to bear arms] severe enough to call for strict scrutiny," but it was not necessary to resolve the question "because the regulation fails to pass muster even if intermediate scrutiny is applied."  Id. at *10.  This was because intermediate scrutiny required "the regulation [to] not be substantially broader than necessary to achieve the government's interest."  Id.  The Corps' rule "extends to ban firearms entirely from being carried for self-defense.  It is simply too broad."  Id.

    4)    As Plaintiffs advised the Court at oral argument, the Supreme Court of Illinois decided People v. Aguilar, 2013 IL 112116, on September 12, 2013.

    Respectfully submitted,

    THE PLAINTIFFS,
    By their attorneys,

    /s/ David D. Jensen
    David D. Jensen, Admitted *Pro Hac Vice*
    DAVID JENSEN PLLC
    111 John Street, Suite 420
    New York, New York 10038
    Tel:  212.380.6615
    Fax:  917.591.1318
    david@djensenpllc.com

    Patrick M. Groulx, BBO #673394
    POLIS LEGAL
    P.O. Box 760656
    Melrose, Massachusetts 02176
    Tel:  978.549.3124
    Fax:  617.500.9955

Dated: February 18, 2014    pgroulx@polislegal.com

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 18 February 2014.

      /s/ David D. Jensen
      David D. Jensen