UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; WILLIAM J. THOMPSON, JR.; WILSON LOBAO; ROBERT CAPONE; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; and ROBERT ST. PIERRE, in his Official Capacity as Chief of the Peabody Police Department, <br><br> Defendants, <br><br> -and- <br><br> COMMONWEALTH OF MASSACHUSETTS, <br><br> Intervenor. | CIVIL ACTION NO. <br><br> 1:13-cv-10246 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Since the parties last submitted legal briefings to the Court, there have been two legal developments that bear on the issues in this case.

**1) District of Columbia's Ban on Carrying Guns Held Unconstitutional**

The United States District Court for the District of Columbia held that the District's prohibition on carry guns unconstitutionally infringes the right to bear arms. See Palmer v. District of Columbia, no. 1:09-CV-1482, 2014 U.S. Dist. LEXIS 101945, *25-26 (D.D.C. Jul. 24, 2014). As currently formulated, D.C. law prohibits individuals from carrying handguns "either openly or concealed on or about their person" and makes no provision for licensing. See D.C. Code § 22-4504(a). However, the court in Palmer found it pertinent that D.C. law had previously included provisions that allowed police officials to issue licenses to carry handguns,

even though it had been the District's "policy for many years not to issue such licenses." Palmer, 2014 U.S. Dist. LEXIS 101945 at *5. The District repealed this statute in 2009, and in 2012 it eliminated language in § 22-4504(a) that exempted licensed individuals. See 59 D.C. Reg. 5691, 5697, sec. 3(d) (May 25, 2012); 56 D.C. Reg. 1162, 1165, sec. 2(f) (Feb. 6, 2009). However, the 2012 legislation also granted certain individuals an exemption from the otherwise applicable ban, including (in addition to law enforcement and military personnel) "[o]fficers or employees of the United States duly authorized to carry a concealed pistol" – an exemption that can potentially cover a not insubstantial portion of the population of Washington, D.C. See D.C. Code § 22-4505(a)(4); 59 D.C. Reg. at 5697-98, sec. 3(e).

The court's analysis focused on whether the right to "bear arms" encompasses the right to carry functional handguns in public. While "[n]either Heller nor McDonald speaks explicitly or precisely to the scope of the Second Amendment right outside the home[,] . . . both opinions, at the very least, 'point in a general direction,'" and "Heller does not leave the court 'without a framework for how to proceed.'" Palmer, 2014 U.S. Dist. LEXIS 101945 at *12-13 (quoting Ezell v. City of Chicago, 651 F.3d 684, 700 (7th Cir. 2011)) (alteration omitted). To resolve the specifics of carry outside the home, the court relied primarily on Peruta v. County of San Diego, 742 F.3d 1144 (9th Cir. 2014), and Moore v. Madigan, 702 F.3d 933 (7th Cir. 2012). See Palmer, 2014 U.S. Dist. LEXIS 101945 at *16-22. And significantly, while the Ninth Circuit's decision had concerned a county's implementation of a statutory "good cause" requirement so as to limit licenses to individuals found to have a special "need" for self-protection, the court characterized this burden as "very similar" to that in the District of Columbia. See id. at *13 & n.2. The court concluded that both Heller and the historical considerations that Heller relied upon each independently established that the right to bear arms protects the right to carry guns,

and to do so in public places lying outside one's home.  See id. at *20-23.  From this premise, what the court called the District's "total ban" could not be found "constitutional under any level of scrutiny."  Id. at *25.

The court enjoined enforcement of the ban "unless and until such time as the District of Columbia adopts a licensing scheme consistent with constitutional standards."  Id.  The court did not articulate those "standards," but its discussion appeared to countenance "limit[ing] the right to carry a gun to responsible persons" and requiring an individual to "establish his competence in handling firearms."  See id. at *24-25 (quoting Moore, 702 F.3d at 940-41).

**2) <u>Legislative Elimination of the Class A-Class B Distinction</u>**

At the time the parties moved for summary judgment, Massachusetts law provided two designations for licenses to carry firearms:  Class A and Class B.  A Class B license was a limited version of a Class A license that did not allow licensees to possess certain types of semi-automatic handguns, nor to carry handguns in a concealed manner.  All of the Plaintiffs in this case requested Class A licenses on their applications, but two of the Plaintiffs received (or had in the past received) licenses with Class B designations.  See Plaintiffs' Br. (Doc. No. 38) p. 2; Commonwealth's Br. (Doc. No. 50) pp. 2-3, 7-12; Plaintiffs' Reply (Doc. No. 63) pp. 2-5.

On August 13, 2014 Governor Patrick approved legislation that amends Massachusetts firearms laws in various respects.  See 2014 Mass. Acts ch. 284, available at https://malegislature.gov/Laws/SessionLaws/Acts/2014/Chapter284 (last visited Aug. 14, 2014).  While this act does not materially alter the statutory treatment of license restrictions, it is significant that the legislature has now directed that no "licensing authority" may "issue, renew or accept application for a Class B license to carry."  See id. § 109.  This provision is effective immediately by virtue of the act's emergency preamble.  See generally Smith v. Mass. Bay

Transp. Auth., 462 Mass. 370, 377, 968 N.E.2d 884, 891 (2012). Because it is no longer possible for Defendants to issue Class B licenses, the distinctions between Class A and Class B licenses no longer have any bearing on the prospective relief that this Court would order.

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,

 /s/ David D. Jensen
David D. Jensen, Admitted *Pro Hac Vice*
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

Patrick M. Groulx, BBO #673394
Donahue, Grolman & Earle
321 Columbus Avenue
Boston, Massachusetts 0116
Tel: 617.859.8966
Fax: 617.859.8903

Dated: August 14, 2014    patrick@d-and-g.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 14 August 2014.

 /s/ David D. Jensen
David D. Jensen