UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; WILLIAM J. THOMPSON, JR.; WILSON LOBAO; ROBERT CAPONE; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department; and ROBERT ST. PIERRE, in his Official Capacity as Chief of the Peabody Police Department,<br><br>　　　　　　　　　　　Defendants,<br><br>　-and-<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>　　　　　　　　　　　Intervenor. | CIVIL ACTION NO.<br><br>1:13-cv-10246 |

### **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF LEAVE TO AMEND**

Three of the four individual Plaintiffs named in the above caption have now obtained unrestricted licenses to carry handguns ("LTC's"). As a result, they no longer have standing to pursue the declaratory and injunctive relief that this suit seeks. Plaintiffs therefore seek leave to amend the suit to include four additional individuals as Plaintiffs.

Adding these individuals will not change the material facts before the Court and will serve the interests of judicial economy by avoiding the need for a second lawsuit. Like the Plaintiffs named in the above caption, each of these additional individuals holds an LTC that one of the Defendants issued subject to a "Target & Hunting" restriction. Furthermore, the facts surrounding their applications do not materially differ from the facts already submitted.

Leave should therefore be freely given, as Rule 15 provides.

**(I)     PERTINENT BACKGROUND**

At the time the parties moved for summary judgments, there were two individual Plaintiffs who held restricted LTC's from each of the two Defendants.  Subsequently, Plaintiff William Thompson's LTC expired on October 13, 2013, and the police department in his new town issued him an unrestricted LTC.  See Dec. of W. Thompson (Doc. No. 40) ¶ 14.  Furthermore, Plaintiff Wilson Lobao's LTC expired on July 7, 2014, and Defendant Chief Griffin issued him an unrestricted LTC on renewal.  See Notice (Doc. No. 84).

Plaintiff Robert Capone – the last individual with an LTC from Defendant Chief Griffin – recently notified the police department that he had completed training as a range officer.  Defendant Chief Griffin agreed to issue Mr. Capone an unrestricted LTC as follows:

> Our current licensing policies remain as explained when initially licensed.
>
> Your request, indicated below, has been thoroughly reviewed and approved due to your recent elevated status as an official certified NRA Range Master.  You also indicate that currently are working/volunteering as such at the Danvers Fish & Game Club located in Middleton.

A copy of this e-mail is Exhibit 1.  Notably, Plaintiff Wilson Lobao and Affiant Joseph Fee are also range officers, but were not deemed eligible for unrestricted LTC's on this basis.  See Dec. of W. Lobao (Doc. No. 41) ¶¶ 1, 4-5; Dec. of J. Fee (Doc. No. 64) ¶¶ 3, 7-9.  In any event, Mr. Capone has received his unrestricted LTC, and as such, he no longer has standing to challenge Defendant Chief Griffin's LTC restriction policy.

**(II)    PROPOSED COURSE OF ACTION**

Plaintiffs wish to provide at least one example of how the Court can efficiently add the proposed additional Plaintiffs to the case.

After filing the Second Amended Complaint, Plaintiffs could file affidavits from the additional Plaintiffs to establish the basic facts surrounding those individuals' attempts to obtain unrestricted LTC's. Defendants and Intervenor could then respond with any objections they might have to including the additional individuals. If the Court ruled on the pending summary judgment motions in the interim, then it could provide the parties with time to state any reasons that the Court's ruling would not apply equally to the additional Plaintiffs.

### (III) LEAVE IS "FREELY GIVEN"

Rule 15 provides that the "court should freely give leave [to amend] when justice so requires," and Rule 21 likewise directs the Court to add parties "at any time, on just terms." Fed. R. Civ. P. 15(a)(2), 21. In its seminal decision on the issue of pleading amendments, Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court reversed a district court's denial of a plaintiff's motion for leave to amend its complaint. See id. at 182. The Supreme Court explained:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Id. "[T]he Supreme Court has emphasized that amendment should normally be permitted." Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). "During the pretrial phase, a court should allow amendments to ensure that all the issues are before the court." 3 James Wm. Moore, Moore's Federal Practice § 15.14[1] (3d ed. 2007). In light of Foman and Rule 15(a)'s language, the rule in the First Circuit is that leave cannot be denied "unless there appears to be an adequate reason for the denial (e.g., undue delay, bad faith, dilatory motive on the part of the movant, futility of the amendment)." Grant v. News Corp., 55 F.3d 1, 5 (1st Cir. 1995) ("we will not affirm the denial").

**(IV)** **THE AMENDMENT WILL NOT CHANGE THE MATERIAL FACTS**

### A.  Facts Previously Submitted to the Court

Plaintiffs have submitted affidavit testimony showing that the Defendants – who are represented by the same counsel and have stated policies that are highly similar – have applied their LTC restriction policies as follows:

- Plaintiff Chris Davis moved to Weymouth with an unrestricted LTC issued by another police department.  When he renewed his LTC in Weymouth, he requested an unrestricted license.  Defendant Chief Grimes issued him an LTC with a "Target & Hunting" restriction.  See Dec. of C. Davis (Doc. No. 39) ¶¶ 2-3, 6-8, 10-11.

- Plaintiff William Thompson applied for a new (non-renewal) LTC from the Weymouth Police Department and requested an unrestricted "all lawful purposes" license.  Defendant Chief Grimes issued him an LTC with a "Target & Hunting" restriction.  See Dec. of W. Thompson (Doc. No. 40) ¶¶ 2, 5, 8.

- Plaintiffs Wilson Lobao and Robert Capone both applied for new (non-renewal) LTC's from the Peabody Police Department, and both requested unrestricted licenses for "self-protection" or "personal protection."  Defendant Chief Griffin's predecessors issued them both LTC's with "Target & Hunting" restrictions.  See Dec. of W. Lobao (Doc. No. 41) ¶¶ 1-5, 7-8; Dec. of R. Capone (Doc. No. 42) ¶¶ 2, 4-6, 8.

- Affiant Jack Darling moved to Weymouth with an unrestricted LTC and requested unrestricted LTC's each of the five times he renewed, but Defendant Chief Grimes and his predecessor(s) always imposed "Target & Hunting" restrictions.  See Dec. of J. Darling (Doc. No. 53) ¶¶ 2-11; Third Dec. of J. Darling (Doc. No. 69) ¶¶ 2-8.[1]

- Affiant Joseph Fee applied to Defendant Chief Grimes for a new (non-renewal) LTC, received a "Target & Hunting" restriction, and repeatedly requested, without avail, that Defendant Chief Grimes remove the restriction.  See Dec. of J. Fee (Doc. No. 64) ¶¶ 7-9.

### B.  Defendants Applied Their Policies in the Same Manner

Defendants have applied their policies against the four additional Plaintiffs in the same manner that they have applied them against the other Plaintiffs and Affiants.  Mary Learning, Ken Trudell, and Nathan Cook are all individuals who applied for new (non-renewal) LTC's and requested unrestricted licenses that would authorize them to engage in all lawful purposes.  See

---

[1] During the hearing held on May 30, 2014, Defendant's counsel advised that Chief Grimes had since issued Mr. Darling an unrestricted LTC.


Second Amended Complaint ¶¶ 33, 35-36, 38-39.  And, like Plaintiff Chris Davis and Affiant Jack Darling, Matt Wolff requested an unrestricted LTC when he had first applied and has continued to request the removal of his restriction on his two renewals.  See id. ¶¶ 41-45.  However, just like with the other Plaintiffs in this case, Defendants imposed and continue to impose "Target & Hunting" restrictions.  See id. ¶¶ 33, 35-36, 40, 45.  Defendant Chief Grimes imposes the restriction on Mary Learning and Ken Trudell, and Defendant Chief Griffin imposes the restriction on Nathan Cook and Matt Wolff.  See id.

### C.  Other Changes in the Second Amended Complaint are Immaterial

The only other changes made in the Second Amended Complaint relate to deleting references to former parties, updating parties' names and counsels' addresses, and adding a reference to an intervening legislative enactment (that Plaintiffs previously submitted to the Court as Doc. No. 85).  These remaining changes do not materially alter the case that is presently pending before the Court.

### (V)   AMENDMENT WILL SERVE THE INTEREST OF JUDICIAL ECONOMY

Because the proposed amendment will help ensure that Plaintiffs' claims are fully and fairly presented, it serves "the underlying purpose of allowing amendments," which is "to facilitate a decision on the merits."  Moore's Federal Practice, *supra*, § 15.14[1].  Indeed, "[a]mendments are generally favored 'to facilitate a proper decision on the merits.'"  Bay Harbour Mgmt. LLC v. Carothers, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)); accord Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998); Luv N' Care, Ltd. v. Walgreen Co., no. 08 Civ. 4457, 2010 U.S. Dist. LEXIS 11011, *3 (S.D.N.Y. Feb. 4, 2010).  The court "has great discretion to restructure an action to promote the efficient administration of justice," including for the specific purpose of maintaining jurisdiction over the controversy.  See Moore's Federal Practice, *supra*, § 21.05.

**(VI)   PLAINTIFFS ATTEMPTED TO RESOLVE THIS MATTER IN ADVANCE**

Pursuant to Local Rule 7.1(a)(2), Plaintiffs' counsel contacted counsel for Defendants and the Intervenor and attempted to resolve or narrow the issue presented in this motion. Plaintiffs provided Defendants and Intervenor with a copy of the proposed Second Amended Complaint and also identified the proposed additional plaintiffs by name and address. Defendants oppose this motion on the ground that it may cause delay, and Intervenor takes no position on the motion.

## CONCLUSION

There is no bad faith, dilatory motive, or undue prejudice, and the Court should accordingly grant leave to file the Second Amended Complaint.[2]

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,

 /s/ David D. Jensen
David D. Jensen, Admitted *Pro Hac Vice*
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com

Patrick M. Groulx, BBO #673394
Donahue, Grolman & Earle
321 Columbus Avenue
Boston, Massachusetts 0116
Tel:  617.859.8966
Fax:  617.859.8903

Dated: September 11, 2014            patrick@d-and-g.com

---

[2] Although Plaintiffs have not requested a hearing on this motion, we wish to state our willingness to appear for a hearing or conference if it would be helpful to the Court.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 11 September 2014.

      /s/ David D. Jensen
    David D. Jensen