UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
**CHRISTOPHER DAVIS, and**             )
**COMMONWEALTH SECOND**                )
**AMENDMENT, INC.,**                   )
                                       )     Civil No.
      Plaintiffs,              )     13-10246-FDS
                                       )
      v.                       )
                                       )
**RICHARD C. GRIMES, in his official** )
**capacity as Chief of the Weymouth Police** )
**Department,**                        )
                                       )
      Defendant.               )
_____)

**MEMORANDUM AND ORDER ON FACTUAL DISPUTES AND
NEED FOR EVIDENTIARY HEARING**

**SAYLOR, J.**

This is a federal constitutional challenge to the policy of the Town of Weymouth concerning firearm licenses. Plaintiff Christopher Davis has brought suit under 42 U.S.C. § 1983, contending that a policy of the Weymouth Police Department that restricts his ability to obtain gun licenses violates the Second and Fourteenth Amendments. In particular, plaintiff contends that defendant unconstitutionally restricts the firearm licenses of first-time applicants to target and hunting purposes and exercises its licensing authority according to arbitrary considerations. The named defendant is Richard C. Grimes, the chief of the Weymouth Police Department.

Both parties have cross-moved for summary judgment. Plaintiff does not challenge the constitutionality of the Massachusetts statutory framework regulating firearms, but rather the Weymouth police department policies adopted under that framework. In substance, plaintiff

contends that (1) under *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 130 S. Ct. 3020 (2010), individual self-defense is the central component of the Second Amendment right to bear arms; (2) defendant here placed "target & hunting" restrictions on their firearms licenses that "virtually preclude" him from bearing arms outside the home for self-defense; and (3) those restrictions violate his constitutional rights under the Second Amendment. Defendant, in turn, defends his policy as constitutionally permissible, and argues that plaintiff is seeking nothing less than the right "to carry a loaded, concealed gun wherever [he] want[s], whenever [he] want[s]." (Def. Mem. in Supp. at 2.).

The Court denied both motions for summary judgment without prejudice to their renewal. It also directed the parties to file supplemental memoranda, and further motions or requests for relief, addressing certain specific topics. Specifically, the Court requested that the parties brief (1) whether any additional discovery or fact-finding to resolve any issue in this case is necessary or appropriate; (2) whether the Court's analysis of the state-law issues required correction or modification; (3) whether *Pullman* abstention is necessary or appropriate; and (4) whether there are any potentially dispositive issues of state law as to which certification of a question of law to the Supreme Judicial Court under Massachusetts Supreme Judicial Court Rule 1:03 is appropriate. In response to the Court's order, both sides filed supplemental memoranda and renewed their requests for summary judgment.

Plaintiff and defendant both contend that the Court should reach the Second Amendment issue. Specifically, plaintiff contends that there is no dispute over the meaning of Mass. Gen. Laws ch. 140 § 131, because it "expressly authorizes defendants' restrictive policies," that abstention is unavailable because "[p]laintiff['s] claims do not 'turn on'" resolution of state law

issues, and that there is no need for further discovery. (Pls.' Suppl. Br 1, 10, 13). Defendant contends that neither abstention nor certification is warranted in this case because, even assuming substantial uncertainty on the meaning of Mass. Gen. Laws ch. 140 § 131, resolution of that potential uncertainty is not outcome-determinative with respect to plaintiff's constitutional claims. (Defs.' Suppl. Br. 5-8).

The Commonwealth of Massachusetts, as intervenor, contends in its supplemental memorandum that the "Court should abstain under *Pullman* so that potentially determinative state law questions can be decided by a Massachusetts court." (Suppl. Mem. of Intervenor 2). The Commonwealth further contends that "additional fact development is necessary to identify" the current licensing policy in Weymouth. (*Id.*).

The Town of Weymouth's policy concerning firearms licenses is at least somewhat unclear. The Court previously characterized the Town's policy, based on the record as it then existed, as one "that effectively prohibit[s] (with certain exceptions not relevant here) *all* first-time applicants from *ever* making such a showing [that they have a reason for carrying a firearm], either at the outset or (if a restricted license was granted) for the next six years." (Mem. & Order on Mots. for Summ. J. 3). The Court further determined that plaintiff was "apparently rejected for unrestricted license[] solely because [he was a] first-time applicant[], not because [he] failed to show the requisite degree of fear of injury: put simply, it did not matter whether [he] made such a showing or not." (*Id.*). However, defendant now denies that Weymouth's policy categorically prohibits all first-time applicants. On May 2, 2014, defendant submitted an affidavit in which he stated that "[t]he Weymouth Police Department does not have a 'categorical' policy of denying all first-time applicants an unrestricted License to Carry."

(Grimes Suppl. Aff. ¶ 2).  The affidavit goes on to state that "every applicant for a gun license—whether a first-time or renewal applicant—is considered and reviewed individually." (*Id.*).

It therefore appears that there may be a factual dispute as to what the Weymouth licensing policy is, which may affect the determination of the constitutional (and state law) issues.  It is by no means clear that the resolution of those issues necessarily requires a resolution of the factual dispute, or even that there is a dispute.  However, in light of the potential significance of this case and the great uncertainty as to the applicable constitutional principles, it appears that the most prudent course is to create a clear factual record.  That is true even if (and the Court does not now decide the issue) that factual issue ultimately may not be controlling.

Accordingly, the Court needs to ascertain (1) whether, in fact, there is a material factual dispute as to the licensing policy of the Town of Weymouth and/or its application to Davis; (2) if not, whether the parties can stipulate to some or all the relevant facts; (3) if so, whether an evidentiary hearing is necessary; (4) if so, whether any disputed factual issues can be decided by the Court, or whether a jury trial is necessary, in light of the fact that defendant has made a jury demand.

The Court directs the parties to file supplemental memoranda by December 30, 2014, as to the nature of any evidentiary hearing, including whether it should be conducted before a jury and whether it would be helpful to address any other factual issues.  The pending motions for summary judgment will be held in abeyance until further order of the Court.

**So Ordered.**                                    /s/ F. Dennis Saylor
                                                   F. Dennis Saylor IV
Dated: December 9, 2014                            United States District Judge