UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS, and <br> COMMONWEALTH SECOND <br> AMENDMENT, INC., <br> Plaintiffs, <br><br> v. <br><br> RICHARD C. GRIMES, in his official <br> capacity as Chief of the <br> Weymouth Police Department, <br> Defendant. | CIVIL ACTION NO. 1:13-CV-10246 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Preliminary Statement

In accordance with this Court's Memorandum and Order dated December 9, 2014 (the "Order"), Richard Grimes, Chief of the Weymouth Police Department ("Chief Grimes"), submits this Supplemental Memorandum in support of his renewed Motion for Summary Judgment. As explained more fully below, Chief Grimes does not believe there is a material factual dispute as to the current gun licensing policy of the Town of Weymouth and, accordingly, he does not believe an evidentiary hearing is necessary. In addition, the parties' have filed a Joint Motion to Withdraw the defendants' jury demand, which the Court allowed on January 13, 2015 (Docket No. 95).

Background

Given the Court's familiarity with this action, Chief Grimes will be brief. This is a constitutional challenge to the Weymouth Police Department's gun licensing policies.[1] In its Order, p. 3, the Court observed that, "[t]he Town of Weymouth's policy concerning firearms is at least somewhat unclear." To the extent any uncertainty still exists, Chief Grimes' re-states that the Department's current gun licensing policy is as stated in his Second Supplemental Affidavit (Docket No. 75-1), to wit, that the Weymouth Police Department (the "Department") does not have a categorical policy of denying all first-time applicants an unrestricted License To Carry Firearms. Indeed, the Department's current on-line "Instructions And Procedures For New/Renewal" Firearms Applicants, ¶ 4, provides as follows:

> All applicants will be reviewed on an individual basis. All applicants who are seeking an unrestricted license to carry (LTC) – including first time applicants – will be considered individually on the merits and will be required to submit a written supplement articulating the need for the unrestricted status. Applicants applying for an unrestricted LTC for employment purposes must have a letter from their employer stating the nature of the business and the requirement [or] need for employment. In all instances, the Chief of Police or his designee reserves the right to issue a restricted or unrestricted LTC in accordance with Massachusetts law.

See Exhibit A annexed hereto.

The proof is in the pudding. Since April 1, 2014, the Department has issued 204 licenses to carry firearms ("LTC") and 37 firearms identification cards ("FID"). Focusing on the 204 LTC's, 105 were new/first-time applicants. Of the new applicants, 65 were granted a Class A

---

[1] In its Order, p. 1, the Court observed that, "[p]laintiff does not challenge the constitutionality of the Massachusetts statutory framework regulating firearms, but rather Weymouth police department policies adopted under the framework." Chief Grimes understands that the plaintiff actually is challenging the constitutionality of at least one or more provisions of Mass. General Laws Chapter 140, see Amended Complaint, ¶¶ 31 & 64, and, accordingly, the Office of the Attorney General intervened on that basis. See, Motion of Office of Attorney General to Intervene, Docket No. 27.

LTC with the designation "A.L.P." or all lawful purposes, that is, without any restriction.  These figures demonstrate that the Department has, in fact, issued an unrestricted LTC to approximately two-thirds of the new applicants who have requested an unrestricted LTC.  In approximately six cases, where a first-time applicant received an LTC with a Target & Hunting restriction, upon further consideration, the Department removed the restriction and issued the licensee an unrestricted Class A LTC.  Notably, in the past two years, Christopher Davis – whose LTC was issued on July 3, 2012 – has not asked Chief Grimes to lift the Target & Hunting restriction from his LTC.  See, Document No. 39, Declaration of Christopher Davis, ¶¶ 10-14.

These statistics bear out that with the implementation of what might be considered a somewhat "new" or "revised" policy (effective April 1, 2014), Chief Grimes does not have a policy or practice of denying an unrestricted Class A LTD to all first-time applicants.[2]  The Massachusetts Legislature has delegated responsibility for implementing Chapter 140 to the local chiefs of police and, concomitantly, the discretion to determine whether an applicant for a gun license – not otherwise disqualified by statute – is a "suitable person" to hold one and, if so, whether any restrictions should attach to a given individual gun license.[3]  That this discretion has resulted in some disparity among the hundreds of police chiefs statewide is of no constitutional

---

[2] It should be noted that several first-time applicants did not request an (un)restricted LTD, but, instead, sought and received a Firearms Identification Card.  As of January 1, 2015, a state District Court will hear petitions from police chiefs on whether to declare a person "unsuitable" to possess an FID.  The District Court has ninety days to hold a hearing and another ninety days to issues its decision.  See, Memorandum from Chief Justice Paul Dawley to District Court Judges and others (December 22, 2014) annexed hereto as Exhibit B.

[3] Massachusetts courts have routinely upheld licensing regimes with such a "suitable person" standard.  *See, e.g., Michard v. Chief of Police of Kingston,* 85 Mass. App. Ct. 1111 (2014) (Rule 1:28 decision) (gun license) and *David v. Commissioner of Insurance,* 53 Mass. App. Ct. 162 (2001) (insurance agent); *see also Hightower v. City of Boston,* 693 F.3d 61, 76-83 (1st Cir. 2012) (rejecting facial challenge to Section 131's "suitability" requirement).

moment.[4]   In any event, Chief Grimes's current policy, as detailed above, does not violate plaintiff's rights under the Second or Fourteenth Amendments.  Under the circumstances, Chief Grimes does not believe any evidentiary hearing is necessary.[5]

## CONCLUSION

WHEREFORE, the Defendant respectfully submits that the Court should allow his renewed Motion for Summary Judgment together with such other relief as the Court deems just and proper.

---

[4] Indeed, as with laws regulating the sale, distribution and possession of alcohol, laws regulating the sale, distribution and possession of firearms are largely the provenance of and vary widely from state-to-state.  Pennsylvania, for example, recently passed a law prohibiting municipalities from regulating firearms altogether.  See The Boston Globe, A9 (January 15, 2015) annexed hereto as Exhibit C.  Massachusetts has taken a decidedly different tack.

[5] In its Supplemental Memorandum, p. 8, urging this Court to abstain from making a determination of plaintiff's Second Amendment claims, the Commonwealth argues that, "[a]ccordingly it is essential that the current official policies of the Defendant Police Chiefs be established as a matter of fact."  (Document 78).  Chief Grimes submits that the Department's official gun licensing policy is as stated in his Second Supplemental Affidavit and, hence, this matter has been established as a matter of fact.  Moreover, with all due respect to the Commonwealth, even if this Court were to abstain and even if a Massachusetts court finds that Weymouth's current policy, *as applied*, is contrary to Section 131(d), this litigation would not necessarily "conclude" as the Commonwealth contends.  *Id.,* p. 15.  This is because the plaintiff is seeking declaratory and injunctive relief which would appear to prohibit a local police chief from attaching *any* restriction to a LTC provided the applicant is not statutorily disqualified and is otherwise found to be a "suitable person" to possess an LTC.  See Amended Complaint, "Prayer for Relief," sub-parts (i) & (iv).

Respectfully submitted,
The Defendant,
RICHARD C. GRIMES, in his Official Capacity
as Chief of the Weymouth Police Department,
By his attorneys

**PIERCE, DAVIS & PERRITANO, LLP**


*/s/ Adam Simms*
John J. Davis, BBO #115890
Adam Simms, BBO #632617
90 Canal Street
Boston, MA 02114
(617) 350-0950
*jdavis@piercedavis.com*
*asimms@piercedavis.com*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on January 16, 2015.

*/s/ Adam Simms*
Adam Simms