UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; and COMMON-WEALTH SECOND AMENDMENT, INC., ) ) ) Plaintiffs, ) ) -against- ) ) RICHARD C. GRIMES, in his Official Capacity as ) Chief of the Weymouth Police Department, ) ) Defendant, ) ) -and- ) ) COMMONWEALTH OF MASSACHUSETTS, ) ) Intervenor. ) | CIVIL ACTION NO. 1:13-cv-10246 |

## **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

In response to the Court's queries (Doc. No. 91 at p. 4), Plaintiffs propose discovery of the Town of Weymouth's LTC applications since January 1, 2014 under a confidentiality order, followed by an evidentiary hearing at which Chief Grimes (and potentially the officer assigned to review LTC applications) can provide testimony. Plaintiffs are willing to use further stipulations to the extent possible, but at this point, it seems unlikely that stipulations will be able to address or resolve all of the issues of relevance to the Court.

**Need for an Evidentiary Hearing.**  The Court has found (pp. 3-4) that Chief Grimes's policy "is at least somewhat unclear" and has specifically questioned whether the police department applies a "categorical" policy or instead reviews applications on a more individualized or case-by-case basis. At this stage in the case, the parties have exchanged written discovery and have submitted evidence in the form of both affidavits and stipulations regarding various aspects of the policy, and it is this written evidence that results in the questions

of fact identified by the Court. Given that summary judgment requires "no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), it would seem that further written submissions will not be able to resolve the open questions, making an evidentiary hearing necessary.

**Need to Review License Applications.** In this same vein, written articulations of the Town's policy have ultimately made various details of that policy unclear. Given that attempts to *describe* the policy have proven inadequate, the best way to now determine how the Town is actually applying its policy is to examine the applications that the Town has actually processed. See Goldstein v. McGuire, 443 N.Y.S.2d 730, 731 (App. Div. 1981) (plaintiff entitled to "discovery of the application for and license file for each person granted a pistol permit in specified precincts"). Processed applications are direct evidence of the Town's actual policy and practice. Moreover, given that current and recent practices would very likely be a substantial part of the testimony provided at a hearing, this information would be essential to Plaintiffs' ability to cross-examine that testimony.

**Need for a Confidentiality Order.** License applications contain private and sensitive information such as names, addresses, personal identifiers, and details regarding medical and criminal history. A confidentiality order is needed to prevent disclosure, as well as to address how application information can (if necessary) be presented to the Court. The parties could jointly submit a proposed order, if Defendant is agreeable.

**Conclusion.** While Defendant's policy had previously seemed clear, details that emerged during the briefing process have resulted in questions of fact. The best way to resolve these questions – and indeed, probably the only way to resolve these questions – is to examine the Defendant's actual practices and then resolve the issues through the traditional means of examining and cross-examining witnesses with personal knowledge.

Plaintiffs conclude by signaling their willingness to appear at a conference to further discuss these issues, should the Court deem it prudent or useful to schedule one.

                Respectfully submitted,

                THE PLAINTIFFS,
                By their attorneys,

                 /s/ David D. Jensen
                David D. Jensen, Admitted *Pro Hac Vice*
                DAVID JENSEN PLLC
                111 John Street, Suite 420
                New York, New York 10038
                Tel:  212.380.6615
                Fax: 917.591.1318
                david@djensenpllc.com

                Patrick M. Groulx, BBO #673394
                Donahue, Grolman & Earle
                321 Columbus Avenue
                Boston, Massachusetts 0116
                Tel:  617.859.8966
                Fax:  617.859.8903
Dated: January 16, 2015        patrick@d-and-g.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 16 January 2015.

                         /s/ David D. Jensen
                        David D. Jensen