UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER DAVIS; and COMMON-WEALTH SECOND AMENDMENT, INC., )<br>)<br>Plaintiffs, )<br>)<br>-against- )<br>)<br>RICHARD C. GRIMES, in his Official Capacity as Chief of the Weymouth Police Department, )<br>)<br>Defendant, )<br>)<br>-and- )<br>)<br>COMMONWEALTH OF MASSACHUSETTS, )<br>)<br>Intervenor. ) | CIVIL ACTION NO.<br><br>1:13-cv-10246 |

### RESPONSE TO SUPPLEMENTAL BRIEFS
### Leave to File Granted on Jan. 22, 2015

Even if Defendant submitted an additional affidavit, as Intervenor suggests, an evidentiary hearing would still be necessary because the submitted evidence still would not establish "that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The affidavits of Chief Grimes would continue to support varying inferences regarding the Town's policy, as would the other evidence the parties have submitted. Summary judgment "may not be invoked where, as here, the affidavits present conflicting versions of the facts which require credibility determinations." Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); see also United States v. Arango, 670 F.3d 988, 993 (9th Cir. 2012); "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 125 (2d Cir. 2008); Metro. Life Ins. Co. v. Bancorp Servs., L.L.C., 527 F.3d 1330, 1339 (Fed. Cir. 2008); Conductron Corp. v. Williams, 785 F. Supp. 271, 274 (D.N.H. 1991).

Moreover, the details Defendant proffers in its supplemental memorandum create more questions than they answer – and make it clear that review of the actual license applications is

now necessary.  When the parties originally moved for summary judgment, Defendant's stated policy was to "ordinarily impose[] a restriction for first-time applicants," but "usually [not] for law enforcement, military, and business owners who substantiate they handle large amounts of cash."  Joint Statement (Doc. No. 34) ¶ 9.  Thus, "most" applicants "receive[d] a Class A LTC with the restriction: 'Target & Hunting.'"  Aff. of R. Grimes (Doc. No. 33) ¶ 3.  However, upon renewal, "absent an intervening disqualifying event, [Chief Grimes would] usually lift the licensee's restriction."  Id.  Defendant later submitted an affidavit testifying that he "does not have a 'categorical' policy of denying all first-time applicants," but that "every application for a gun license – whether a first-time or renewal applicant – is considered and reviewed individually."  Second Supp. Aff. of R. Grimes (Doc. No. 75-1) ¶ 2.

The licensing numbers that Defendant proffers do not address, let alone resolve, the essential question of, "what is the Defendant's actual policy and practice for imposing restrictions?"  Defendant's submission indicates that he has issued *un*restricted licenses to 67.6% of first-time applicants since April 1, 2014 – meaning that it is no longer true that Defendant restricts the licenses of "most" first-time applicants.  But the statistic, standing alone, does not explain why Defendant chose to impose restrictions on the other 32.4% of applicants.  And for that matter, it raises questions about exactly what "considered and reviewed individually" means.

In short, while Defendant's policy seemed clear at the time the parties moved for summary judgment, it is anything but clear now – and the other parties' submissions do not resolve that lack of clarity.

        Respectfully submitted,

        THE PLAINTIFFS,
        By their attorneys,

        /s/ David D. Jensen
        David D. Jensen, Admitted *Pro Hac Vice*
        DAVID JENSEN PLLC
        111 John Street, Suite 420
        New York, New York 10038
        Tel:  212.380.6615
        Fax:  917.591.1318
        david@djensenpllc.com

        Patrick M. Groulx, BBO #673394
        Donahue, Grolman & Earle
        321 Columbus Avenue
        Boston, Massachusetts 0116
        Tel:  617.859.8966
        Fax:  617.859.8903

Dated: January 22, 2015        patrick@d-and-g.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 22 January 2015.

        /s/ David D. Jensen
        David D. Jensen