# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTOPHER DAVIS, and COMMONWEALTH SECOND AMENDMENT, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil No. 13-10246-FDS |
| v. | ) ) ) | |
| RICHARD C. GRIMES, in his official capacity as Chief of the Weymouth Police Department, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This is a federal constitutional challenge to the policy of the Town of Weymouth concerning firearm licenses. Plaintiff Christopher Davis has brought suit under 42 U.S.C. § 1983, contending that a policy of the Weymouth Police Department that restricts his ability to obtain gun licenses violates the Second and Fourteenth Amendments. In particular, plaintiff contends that defendant unconstitutionally restricts the firearm licenses of first-time applicants to target and hunting purposes and exercises its licensing authority according to arbitrary considerations. The named defendant is Richard C. Grimes, the chief of the Weymouth Police Department.

Both parties have cross-moved for summary judgment. Plaintiff does not challenge the constitutionality of the Massachusetts statutory framework regulating firearms, but rather the Weymouth police department policies adopted under that framework. In substance, plaintiff contends that (1) under *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v.*

*Chicago*, 130 S. Ct. 3020 (2010), individual self-defense is the central component of the Second Amendment right to bear arms; (2) defendant here placed "target & hunting" restrictions on their firearms licenses that "virtually preclude" him from bearing arms outside the home for self-defense; and (3) those restrictions violate his constitutional rights under the Second Amendment. Defendant, in turn, defends his policy as constitutionally permissible, and argues that plaintiff is seeking nothing less than the right "to carry a loaded, concealed gun wherever [he] want[s], whenever [he] want[s]." (Def. Mem. in Supp. at 2).

The Court denied both motions for summary judgment without prejudice to their renewal. It also directed the parties to file supplemental memoranda, and further motions or requests for relief, addressing certain specific topics. Specifically, the Court requested that the parties brief (1) whether any additional discovery or fact-finding to resolve any issue in this case is necessary or appropriate; (2) whether the Court's analysis of the state-law issues required correction or modification; (3) whether *Pullman* abstention is necessary or appropriate; and (4) whether there are any potentially dispositive issues of state law as to which certification of a question of law to the Supreme Judicial Court under Massachusetts Supreme Judicial Court Rule 1:03 is appropriate. In response to the Court's order, both sides filed supplemental memoranda and renewed their requests for summary judgment.

In its December 10, 2014 memorandum and order, the Court determined that the Town of Weymouth's policy concerning firearms licenses is at least somewhat unclear. As a result, the Court held the motions for summary judgment in abeyance and directed the parties to file supplemental memoranda addressing:

> (1) whether, in fact, there is a material factual dispute as to the licensing policy of the Town of Weymouth and/or its application to Davis; (2) if not, whether the parties can

>  stipulate to some or all the relevant facts; (3) if so, whether an evidentiary hearing is necessary; (4) if so, whether any disputed factual issues can be decided by the Court, or whether a jury trial is necessary, in light of the fact that defendant has made a jury demand.

(Mem. and Order 4).

On January 12, 2015, the parties filed a joint motion to withdraw their jury demand. The Court granted that motion the next day.

Plaintiff, defendant, and intervenor filed responses to the Court's order on January 16, 2015. In his response, plaintiff acknowledged that the written evidence resulted in questions of fact. He contends that "written articulations of the Town's policy have ultimately made various details of [the Town's] policy unclear." (Pls.' Suppl. Mem. 2). To resolve that factual dispute, plaintiff requested limited discovery and a hearing. (*Id.*).

In his response, defendant contends that there is no material factual dispute as to the current gun-licensing policy in Weymouth. He contends that the Weymouth Police Department "does not have a categorical policy of denying all first-time applicants an unrestricted License to Carry Firearms." (Def.'s Suppl. Mem. 2). In support of that contention, defendant provided statistics that he contends "bear out that with the implementation of what might be considered a somewhat 'new' or 'revised' policy (effective April 1, 2014), Chief Grimes does not have a policy or practice of denying an unrestricted Class A LTD to all first-time applicants." (*Id.* at 3). As a result, defendant contends that an evidentiary hearing is unnecessary to resolve the dispute.

In the intervenor's supplemental memorandum, it contends that the summary judgment record is not adequate to establish Weymouth's current gun-licensing program. The intervenor therefore suggested further discovery, a stipulation if possible, or an evidentiary hearing if necessary. (Intervenor's Suppl. Mem. 3).

The record appears to contain a genuine dispute of material fact as to the exact nature of the Weymouth licensing policy.  It therefore appears that a hearing or trial is necessary to settle that issue.  The resolution of that issue may affect the determination of the constitutional (and state law) issues.  To be sure, it is by no means clear that the resolution of the legal issues necessarily requires a resolution of the factual issue; however, in light of the potential significance of this case and the great uncertainty as to the applicable constitutional principles, it appears that the most prudent course is to create a clear factual record.  That is true even if (and the Court does not now decide the issue) that factual issue ultimately may not be controlling.

Accordingly, the motions for summary judgment are DENIED without prejudice to their renewal.  The Court will set a conference to discuss the format and timing of a hearing or trial to resolve the disputed factual issue.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:   March 25, 2015